**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 4, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

MICHAEL LAWRENCE,

    Plaintiff - Appellant,

v.

NIGHTINGALE MANAGEMENT, INC.,

    Defendant - Appellee.

No. 25-1116
(D.C. No. 1:24-CV-00237-DDD-KAS)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **MORITZ**, and **CARSON**, Circuit Judges.
_____

Plaintiff Michael Lawrence, a disbarred attorney appearing pro se, filed this action alleging that defendant Nightingale Management, Inc. (Nightingale) violated Title VII of the Civil Rights Act of 1964 when it chose not to hire him for a cook position. The district court granted Nightingale's motion to dismiss for failure to state a claim and entered judgment in the case. Mr. Lawrence now appeals. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I

In April 2023, Mr. Lawrence applied for a cook position at Nightingale's senior living facility in Littleton, Colorado.  Nightingale's chef contacted Mr. Lawrence, had him undergo a "working interview," and then offered him the job. R vol. I at 11.  "The onboarding paperwork" that Mr. Lawrence filled out "included authorization for" Nightingale to conduct "a criminal background" check on Mr. Lawrence.  *Id.* at 12.  According to Mr. Lawrence, he has a "non-violent felony" conviction that was "entered on July 1, 2010."[1]  *Id.*

A few hours after Mr. Lawrence completed the onboarding paperwork, Nightingale's chef texted him and rescinded the offer of employment.  Mr. Lawrence asked if "he had been disqualified because of the criminal background" check.  *Id.* Nightingale's "chef's response made it clear that was why" Mr. Lawrence "had been terminated, despite the chef's assertions of other reasons."  *Id.*

Mr. Lawrence filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) alleging that Nightingale "discharged [him] based on [his] national original/ancestry (Hispanic)."  *Id.* at 27.  The EEOC issued a right-to-sue letter in December 2023.

---

[1] After the complaint was filed, Nightingale submitted evidence indicating that Mr. Lawrence in fact has three Colorado state felony convictions: attempting to influence a public servant, forgery, and offering a false instrument for recording in the first degree.  R. vol. I at 40

II

In January 2024, Mr. Lawrence initiated this action by filing a pro se complaint against Nightingale asserting a claim for relief under Title VII. Mr. Lawrence alleged that Nightingale "has an employment policy in place that bars anyone from employment if they have a criminal conviction more serious than a traffic offense, no matter how long ago the conviction occurred and no matter whether the conviction has any relation to the job at issue." *Id.* at 12. Mr. Lawrence further alleged that Nightingale "should have," rather than following that policy, adopted and applied a five-factor "test" outlined in a Colorado regulation that applies to assisted living facilities, 6 Colo. Code Regs. § 1011–1:7–7. R. vol. I at 12. According to Mr. Lawrence, Nightingale's "policy of rejecting any job applicant with a criminal conviction," though "facially neutral," "has a disparate impact on" Hispanics because "Hispanics in Colorado are convicted of felonies 2.08 times more frequently than whites." *Id.* at 15–16.

Nightingale moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for relief. Nightingale argued that the Colorado regulation Mr. Lawrence "relie[d] on contain[ed] no express or implied private right of action." *Id.* at 39. Nightingale further argued that, in any event, the complaint "fail[ed] to state a plausible disparate impact claim." *Id.* at 39–40.

The magistrate judge recommended granting Nightingale's motion to dismiss. The magistrate judge concluded, as an initial matter, that Mr. Lawrence "fail[ed] to plausibly allege the existence of a specific employment policy." *Id.* at 111.

3

Although the magistrate judge acknowledged the complaint's allegation that Nightingale "has a policy that 'bars anyone from employment if they have a criminal conviction more serious than a traffic offense, no matter how long ago the conviction occurred and no matter whether the conviction has any relation to the job at issue,'" the magistrate judge concluded "[t]his allegation is conclusory and implausible because it is supported only by [Nightingale's] refusal to hire one person—Plaintiff—based on his felony conviction." *Id.* The magistrate judge concluded "[t]he Court cannot reasonably infer that this policy exists from a single incident." *Id.* The magistrate judge also noted that Mr. Lawrence "d[id] not allege that [Nightingale's] alleged failure to apply" the factors outlined in the Colorado regulation "was the result of any specific employment policy as required for a disparate impact claim." *Id.* at 112. Further, the magistrate judge noted that Mr. Lawrence "provided no legal authority that permits a Title VII disparate impact claim based on a failure to follow a state . . . regulation." *Id.* (internal quotation marks omitted). The magistrate judge therefore concluded that Mr. Lawrence "failed to plausibly allege the existence of a specific employment policy allegedly causing the disparate impact." *Id.*

Mr. Lawrence objected to the magistrate judge's recommendation, but the district court overruled his objection, adopted the recommendation, and dismissed his complaint without prejudice. The district court noted that Mr. Lawrence's objection "just restate[d] Mr. Lawrence's position and declare[d] that the magistrate d[id] not understand the law as well as" him. *Id.* at 135. The district court also concluded that

4

Mr. Lawrence's Title VII claim was "based on (at least) one irrational inference: that because he was not hired after a criminal background check, that [Nightingale] must have a policy against hiring anyone with 'a criminal conviction more serious than a traffic offense.'" *Id.* (quoting Complaint at ¶ 12). The district court concluded this inference was "wholly conclusory and not plausibly supported by the actual facts of the complaint." *Id.* at 135–36.

Following the entry of final judgment, Mr. Lawrence filed a timely notice of appeal.

### III

"We review the district court's grant of a Rule 12(b)(6) motion to dismiss de novo." *Gaddy v. Corp. of the President of the Church of Jesus Christ of Latter-Day Saints*, 148 F.4th 1202, 1209 (10th Cir. 2025). "Our function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Id.* (internal quotation marks omitted). "At the Rule 12(b)(6) stage, we must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Id.* at 1209–10 (internal quotation marks omitted). "But we need not accept as true a complaint's conclusory allegations, unwarranted inferences, or legal conclusions." *Id.* at 1210.

To state a valid Title VII disparate impact claim, Mr. Lawrence had to allege, in relevant part, the existence of a facially neutral employment policy or practice on the part of Nightingale. *See Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324,

335 n.15 (1977). To be sure, his complaint alleged that Nightingale "has an employment policy in place that bars anyone from employment if they have a criminal conviction more serious than a traffic offense, no matter how long ago the conviction occurred and no matter whether the conviction has any relation to the job at issue." R. vol. I at 12. According to Mr. Lawrence, this allegation is an inference he drew from his own experience with Nightingale. *See* Aplt. Br. at 14 ("it is a reasonable inference to conclude the hiring practice that Nightingale used for [him] was the usual practice" and "was not a special . . . treatment for" him). But Mr. Lawrence's experience, in our view, bears little relation to the employment policy alleged in his complaint.

To begin with, it is undisputed that Mr. Lawrence has three felony convictions, not just one. Further, all three of his convictions are significantly "more serious than a traffic offense." R. vol. I at 12. Finally, we are not persuaded that Mr. Lawrence's convictions, all of which involved fraud, deceit, or dishonesty, were irrelevant to the job he applied for at Nightingale's senior living facility. We therefore agree with the district court that the employment policy alleged in the complaint is "not plausibly supported by the actual facts of the complaint."[2] *Id.* at 135–36. In other words, the complaint's characterization of Nightingale's purported employment policy is an unwarranted inference that we need not accept as true and, as a result, we agree with

---

[2] Mr. Lawrence's opening brief makes no mention of, and thus effectively abandons, any reliance on the Colorado regulation he cited in his complaint. In any event, the complaint's citation to that regulation is irrelevant for purposes of our analysis of whether the complaint stated a valid claim for relief under Title VII.

6

the district court that Mr. Lawrence has failed to state a valid claim for relief under Title VII.

IV

We grant Mr. Lawrence's motion for leave to proceed in forma pauperis and affirm the judgment of the district court.

Entered for the Court


Carolyn B. McHugh
Circuit Judge